IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY HENDERSON,

        Plaintiff,                    No. 2:12-cv-2318 CKD P

    vs.

R. CARMON,

        Defendant.                ORDER

_____/

        Plaintiff, a state prisoner, proceeds pro se with a first amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Dkt. No. 10.) This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to jurisdiction by United States Magistrate Judge. (Dkt. No. 4.)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

/////

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his first amended complaint, plaintiff alleges that he was falsely imprisoned at the Glenn County Adult Detention Facility from January 20, 2011 until July 8, 2011 due to an act of "fraud" by Corporal R. Carmon. (Dkt. No. 10 at 3.[1]) Plaintiff does not elaborate on Carmon's act of fraud. Plaintiff alleges only that Carmon dated and signed a "certificate of pre-trial release" and gave it to plaintiff under the pretense that plaintiff was being released on his own

---

[1] The court references the page numbers assigned by the court's CM/ECF system, where applicable.

recognizance, yet he was never released on bail. (Id.) Plaintiff alleges a violation of due process and a related state law claim of false imprisonment. (Dkt. No. 10 at 3.)

The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o state shall... deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV § 1. Because plaintiff alleges a deprivation of his liberty but no particular process of which he was allegedly deprived, he appears to be alleging a violation of substantive due process, as opposed to procedural. See Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993) (holding that the procedural due process component protects individuals against the deprivation of liberty or property by the government without due process); Brittain v. Hansen, 451 F.3d 982, 991 (9th Cir. 2006) ("Substantive due process protects individuals from the arbitrary deprivation of their liberty by government.").

A substantive due process claim requires proof of two elements. First, "because there is no general liberty interest in being free from capricious government action," "a plaintiff must show a government deprivation of life, liberty, or property." Id. (citing Squaw Valley Dev. Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004)). Second, because "only the most egregious official conduct can be said to be arbitrary in a constitutional sense," a plaintiff must also show "conscience shocking behavior by the government," i.e., "conduct intended to injure in some way unjustifiable by any governmental interest." Id. (citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)). "The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 272 (1994) (citing Planned Parenthod of Southeastern Pa. v. Casey, 505 U.S. 833, 847-49 (1992) (describing cases in which substantive due process rights have been recognized)). Here, petitioner's claim to be free from a "fraudulent" deprivation of liberty while awaiting trial is markedly different from any of the recognized substantive due process claims set forth in Albright.

/////

"As a general matter, the [Supreme] Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decision making in this unchartered area are scarce and open-ended." Albright, 510 U.S. at 272. Accordingly, plaintiff's allegations might be better construed as actionable, if at all, under the Fourth Amendment as opposed to the Fourteenth Amendment. Albright, 510 U.S. at 274 ("The Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it."); Id. at 272 ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'") (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

Regardless of the constitutional amendment on which plaintiff's claim is premised, however, his first amended complaint fails to allege sufficient facts to state a cognizable federal claim. Plaintiff alleges solely that Carmon's act of "fraud" caused plaintiff to be falsely imprisoned. Such conclusory statements do not suffice to state a claim. Iqbal, 556 U.S. at 678. Put another way, plaintiff has not pleaded factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See id.

The court finds the allegations in plaintiff's first amended complaint so vague and conclusory that they fail to state a federal claim upon which relief can be granted. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id.

As set forth, plaintiff's other specified claim, false imprisonment, is a state law tort claim. See Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003); Easton v. Sutter Coast Hosp., 80 Cal.App.4th 485, 496 (2000). Pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims

4

that are part of the same case or controversy as plaintiff's federal claims. However, the court may decline to exercise supplemental jurisdiction over state law claims if the court determines that the federal claims warrant dismissal. 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. United Mine Workers of America v. Gibbs, 383 U.S. 715, 716 (1966). Because plaintiff has failed to state a cognizable federal claim in his first amended complaint, the court declines to exercise supplemental jurisdiction over his state law false imprisonment claim at this time.

Plaintiff will be given an opportunity to file a second amended complaint attempting to state a cognizable federal cause of action.[2] See Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

---

[2] The court has considered whether plaintiff's federal claim, if sufficiently pleaded, and his state law claim, if the court were to exercise jurisdiction over it, would be barred by the rule announced in Heck v. Humphprey, 512 U.S. 477, 486-87 (1994) and determined that the claims may not be barred. Pursuant to Heck, a section 1983 plaintiff may not recover damages for an "allegedly unconstitutional conviction *or imprisonment*, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (emphasis added). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Id. at 487 (emphasis in original); see also, e.g., Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (holding that plaintiff's claims for false arrest and false imprisonment were Heck-barred because to prevail, the plaintiff would have to demonstrate that there was no probable cause to arrest him).
Here, although plaintiff's allegations imply the invalidity of his confinement during the time he claims he should have been released on bail, it appears that his claim, if sufficiently pleaded, may not be Heck-barred under Ninth Circuit precedent because plaintiff has already served the pre-trial term of imprisonment of which he complains and, "were he to seek a writ of habeas corpus, his petition would present no case or controversy because establishing the invalidity of his [pre-trial confinement] could have no effect on" the term of imprisonment he is currently serving. Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002). "As a consequence, his petition for habeas corpus would have to be dismissed as moot." Id. (citing Spencer v. Kemna, 523 U.S. 1 (1998). In a similar situation, the Ninth Circuit has held that Heck did not bar a claim for damages brought under section 1983. Nonnette, 316 F.3d at 875.

Also, the second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to either prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, should plaintiff choose to file a second amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (Dkt. No. 10) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint;

////
////
////
////
////

failure to file a second amended complaint in accordance with this order will result in a dismissal of this action.

Dated: December 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
hend2318.14amd.new