IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY HENDERSON,

        Plaintiff,                No. 2:12-2318 CKD P

    vs.

R. CARMON,

        Defendant.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner, proceeds pro se with a civil rights action filed pursuant to 42 U.S.C. § 1983. (Dkt. No. 10.) This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to jurisdiction by United States Magistrate Judge.

        On December 20, 2012, plaintiff's first amended complaint was dismissed with leave to amend for failure to state a claim. In his first amended complaint, plaintiff alleged that he was falsely imprisoned at the Glenn County Adult Detention Facility from January 20, 2011 until July 8, 2011 due to an unspecified act of "fraud" by Corporal R. Carmon. Plaintiff alleged that Carmon dated and signed a "certificate of pre-trial release" and gave it to plaintiff under the pretense that plaintiff was being released on his own recognizance, yet plaintiff was never released on bail. Plaintiff alleged a violation of due process and a related state law claim of false

1

imprisonment. However, plaintiff's allegations that Carmon engaged in an unspecified act of "fraud" were found to be too conclusory to state a cognizable claim for a constitutional violation. Plaintiff was granted leave to file a second amended complaint, which is currently before the court.

Plaintiff's second amended complaint will now be screened pursuant to 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and

construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his second amended complaint, plaintiff alleges that he arrived at the Glenn County Adult Detention Facility on January 17, 2011. (Dkt. No. 12 at 1.) On January 20, 2011, defendant Corporal R. Carmon informed plaintiff that plaintiff was going to be released on his own recognizance due to a violation of the rule that an inmate must be arraigned within 48 hours of arriving at the county detention facility. (Id. at 1-2.) Carmon then dated and signed a Certificate of Pre trial Release and gave it to plaintiff under the pretense that plaintiff had been released, however, plaintiff was not released. (Id. at 2.) Plaintiff alleges that the reason he was not released is because Carmon fraudulently and maliciously documented the wrong booking number on plaintiff's Certificate of Pre Trial Release and failed to fill in the case number. (Id.) Plaintiff alleges that the foregoing deprived him of his "rights to liberty and procedural due process under the Fourteenth Amendment." (Id.)

The Due Process Clause of the Fourteenth Amendment guarantees that "[n]o state shall... deprive any person of life, liberty, or property, without due process of law." U.S. Const., amend. XIV § 1; see also Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993) (holding that the procedural due process component protects individuals against the deprivation of liberty or property by the government without due process). A procedural due process claim lies where a plaintiff has a liberty interest with which the state has interfered, and the plaintiff was deprived of the requisite procedural and evidentiary safeguards. See Wilkinson, 545 U.S. at 221-24; Sandin v. Connor, 515 U.S. 472 (1995); Kentucky Dep't. of Corr. v. Thomas, 490 U.S. 454, 460 (1989). To determine whether a procedural due process violation has occurred, a court engages in a two-step analysis. First, a court looks to whether the person possesses a constitutionally-cognizable liberty interest with which the state has interfered. Sandin v. Connor, 515 U.S. 472, 485-87 (1995). Second, if the state has interfered with a liberty interest, a court looks to whether this interference was accompanied by sufficient procedural and evidentiary

safeguards. Kentucky Dep't of Corr., 490 U.S. 454, 460 (1989).

Thus, to prevail, plaintiff must establish that he had a liberty interest in being released. Construing his pro se complaint liberally, plaintiff appears to sufficiently allege, for screening purposes, that he had a state-created liberty interest in being released on bail on his own recognizance due to not having been promptly arraigned within 48 hours of his detention.[1] Plaintiff must also establish that he was deprived of the requisite procedural and evidentiary safeguards. See Wilkinson, 545 U.S. at 221-24; Sandin v. Connor, 515 U.S. 472 (1995); Kentucky Dept. of Corr. v. Thomas, 490 U.S. 454, 460 (1989). However, plaintiff does not allege that he was deprived of some process due by the state, or that the process provided was insufficient, but rather, that Carmon, a state actor, fraudulently and maliciously documented the wrong booking number on plaintiff's Certificate of Pre Trial Release and failed to fill in the case number, causing him not to be released.

These allegations state a claim not for a violation of procedural due process, but rather, for false imprisonment, which is a state law tort claim. See Blaxland v. Commonwealth Director of Public Prosecutions, 323 F.3d 1198, 1205 (9th Cir. 2003); Easton v. Sutter Coast Hosp., 80 Cal.App.4th 485, 496 (2000). The Supreme Court has explained:

> Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Remedy for the latter type of injury must be sought in state court under traditional tort-law principles. Just as "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), false imprisonment does not become a violation of the Fourteenth Amendment merely because the defendant is a state official.

Baker, 443 U.S. at 146. Having been deprived of no rights secured under the United States Constitution, plaintiff fails to have a cognizable claim under section 1983.

/////

---

[1] The court expresses no opinion on the merits of this allegation.

1       Pursuant to 28 U.S.C. § 1367(a), a district court may exercise supplemental jurisdiction over state law claims that are part of the same case or controversy as plaintiff's federal claims. However, the court may decline to exercise supplemental jurisdiction over state law claims if the court determines that the federal claims warrant dismissal. 28 U.S.C. § 1367(c)(3). The exercise of supplemental jurisdiction is entirely within the court's discretion. United Mine Workers of America v. Gibbs, 383 U.S. 715, 716 (1966). Because plaintiff has failed to state a cognizable federal claim in his second amended complaint, the court declines to exercise supplemental jurisdiction over his state law false imprisonment claim.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's second amended complaint (Dkt. No. 12) is dismissed; and
2. The clerk is directed to close this case.

Dated: February 28, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
hend2318.dismiss